# EXHIBIT B

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

      **I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>CLAUDEL FILS-AIME</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>ADRIANA COLMAN, ALEJANDRO PORCELLI, LYFT, INC.</u>
Defendant

      **II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

      **III.    TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☒ Auto negligence
☐ Negligence—other
　　　☐ Business governance
　　　☐ Business torts
　　　☐ Environmental/Toxic tort
　　　☐ Third party indemnification
　　　☐ Construction defect
　　　☐ Mass tort
　　　☐ Negligent security
　　　☐ Nursing home negligence
　　　☐ Premises liability—commercial
　　　☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
　　　☐ Commercial foreclosure
　　　☐ Homestead residential foreclosure
　　　☐ Non-homestead residential foreclosure
　　　☐ Other real property actions

☐ Professional malpractice
　　　☐ Malpractice—business
　　　☐ Malpractice—medical
　　　☐ Malpractice—other professional
☐ Other
　　　☐ Antitrust/Trade regulation
　　　☐ Business transactions
　　　☐ Constitutional challenge—statute or ordinance
　　　☐ Constitutional challenge—proposed amendment
　　　☐ Corporate trusts
　　　☐ Discrimination—employment or other
　　　☐ Insurance claims
　　　☐ Intellectual property
　　　☐ Libel/Slander
　　　☐ Shareholder derivative action
　　　☐ Securities litigation
　　　☐ Trade secrets
　　　☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   1

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐ yes
   ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒ no
   ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒ yes
   ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Joseph Frank Stallone        Fla. Bar # 1002843
      Attorney or party                    (Bar # if attorney)

Joseph Frank Stallone              01/03/2022
   (type or print name)                Date

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CLAUDEL FILS-AIME,                                      CASE NO:

      Plaintiff,

v.

ADRIANA COLMAN, ALEJANDRO
PORCELLI, and LYFT, INC. a Foreign
Profit Corporation,

      Defendants.
_____/

## **COMPLAINT**

Plaintiff, CLAUDEL FILS-AIME, by and through undersigned counsel, sues the

Defendants, ADRIANA COLMAN, ALEJANDRO PORCELLI, and LYFT, INC., and alleges as

follows:

### **PARTIES, JURISDICTION, VENUE**

1.     This is an action for damages in excess of Thirty Thousand ($30,000.00) Dollars,

exclusive of fees and costs.

2.     At all times material hereto, Plaintiff, CLAUDEL FILS-AIME, was/is a resident

of Miami-Dade County, Florida and is otherwise *sui juris*.

3.     At all times material hereto, Defendant, ADRIANA COLMAN, was/is a resident

of Miami-Dade County, Florida and is otherwise *sui juris*.

4.     At all times material hereto, Defendant, ALEJANDRO PORCELLI, was/is a

resident of Miami-Dade County, Florida and is otherwise *sui juris*.

5.     At all times material hereto, Defendant, LYFT, INC., was/is a Foreign Profit

Corporation authorized to conduct and presently conducting business in the state of Florida, specifically in Miami-Dade County, Florida.

6.       Venue and jurisdiction are proper in Miami-Dade County, FL because the automobile collision that forms the basis of this Complaint occurred in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

7.       On November 26, 2020, Defendant, ALEJANDRO PORCELLI, was operating a 2016 Ford automobile, bearing Vehicle Identification Number: 1FADP3F29GL279924, and Florida Tag Number: PGCX48 (the "Ford Vehicle"), and was traveling west on NE 149th Street Road near the intersection of NE 6 Place in Miami-Dade County, Florida when his vehicle struck Plaintiff, CLAUDEL FILS-AIME, while he was crossing the street causing him to sustain serious bodily injuries.

8.       At all times material hereto, Defendant, ADRIANA COLMAN, was the beneficial owner of the Ford Vehicle.

9.       At all times material hereto, Defendant, ALEJANDRO PORCELLI, was operating the Ford Vehicle as a ride share for Defendant, LYFT, INC., in furtherance of LYFT, INC.'s interests.

10.      At all times material hereto, Defendant, ALEJANDRO PORCELLI, was operating the Ford Vehicle as an agent or employee of Defendant, LYFT, INC., as an agent or employee of LYFT, INC. and was acting with the course and scope of his employment with LYFT, INC.

11.     At all times material hereto, Defendant, ALEJANDRO PORCELLI, was operating the Ford Vehicle with the full permission and consent of Defendant, ADRIANA COLMAN.

12.     At all times material hereto, Defendant, ALEJANDRO PORCELLI, was operating the Ford Vehicle with the full permission and consent of Defendant, LYFT, INC.

<u>**COUNT I**</u>
<u>**DANGEROUS INSTRUMENTALITY AGAINST**</u>
<u>**DEFENDANT ADRIANA COLMAN**</u>

Plaintiff, CLAUDEL FILS-AIME, hereby adopts and re-alleges each and every allegation set forth in paragraphs 1 through 12 as if fully set herein and further alleges:

13.     At all times material hereto, Defendant, ALEJANDRO PORCELLI, was operating the Ford Vehicle with the full permission and consent of Defendant, ADRIANA COLMAN.

14.     The Ford Vehicle constitutes a dangerous instrumentality under Florida law thereby rendering Defendant, ADRIANA COLMAN, liable for its use and operation on public streets.

15.     As a direct and proximate cause of the negligence of Defendant, ADRIANA COLMAN's permissive user, Plaintiff, CLAUDEL FILS-AIME, sustained the following past and future damages, which include but are not limited to: bodily injuries, pain and suffering, medical and related expenses, past, present and future incurred in seeking a cure for Plaintiff's injuries, or that will be incurred in seeking a cure for the Plaintiff's injuries, loss of capacity to lead and enjoy a normal life, mental anguish, physical impairment, inconvenience, loss of income or diminution of earnings and/or earning capacity, permanent injuries within a

3

reasonable degree of medical probability, disfigurement and scarring, and aggravation of an exist disease or physical defect.

## COUNT II
## NEGLIGENCE AGAINST DEFENDANT ALEJANDRO PORCELLI

Plaintiff, CLAUDEL FILS-AIME, hereby adopts and re-alleges each and every allegation set forth in paragraphs 1 through 12 as if fully set forth herein and further alleges:

16.    At all times material hereto, Defendant, ALEJANDRO PORCELLI, had a duty to exercise reasonable care in operating and maintaining the Ford Vehicle.

17.    At all times material hereto, Defendant, ALEJANDRO PORCELLI, breached that duty and negligently operated the Ford Vehicle causing it to collide with the Plaintiff, CLAUDEL FILS-AIME.

18.    As a direct and proximate result of Defendant, ALEJANDRO PORCELLI's negligence, Plaintiff, CLAUDEL FILS-AIME, sustained the following past and future damages, which include but are not limited to: bodily injuries, pain and suffering, medical and related expenses, past, present and future incurred in seeking a cure for Plaintiff's injuries, or that will be incurred in seeking a cure for the Plaintiff's injuries, loss of capacity to lead and enjoy a normal life, mental anguish, physical impairment, inconvenience, loss of income or diminution of earnings and/or earning capacity, permanent injuries within a reasonable degree of medical probability, disfigurement and scarring, and aggravation of an exist disease or physical defect.

## COUNT III
## VICARIOUS LIABILITY AGAINST DEFENDANT LYFT, INC.
### *(Respondeat Superior)*

Plaintiff, CLAUDEL FILS-AIME, hereby adopts and re-alleges each and every allegation set forth in paragraphs 1 through 12 as if fully set forth herein and further alleges:

19.     At all times material hereto, Defendant, ALEJANDRO PORCELLI, was acting within the course and scope of his employment, agency, and/or servitude with Defendant, LYFT, INC.

20.     At all times material hereto, Defendant, ALEJANDRO PORCELLI, had a duty to exercise reasonable care in operating and maintaining the Ford Vehicle.

21.     At all times material hereto, Defendant, LYFT, INC., was/is vicariously liable for the negligent acts and/or omissions of Defendant, ALEJANDRO PORCELLI, pursuant to the doctrine of *Respondeat Superior.*

22.     As a direct and proximate result of the aforementioned collision and the negligence of Defendant, ALEJANDRO PORCELLI, for which Defendant, LYFT, INC., is vicariously liable, Plaintiff, CLAUDEL FILS-AIME, sustained the following past and future damages, which include but are not limited to: bodily injuries, pain and suffering, medical and related expenses, past, present and future incurred in seeking a cure for Plaintiff's injuries, or that will be incurred in seeking a cure for the Plaintiff's injuries, loss of capacity to lead and enjoy a normal life, mental anguish, physical impairment, inconvenience, loss of income or diminution of earnings and/or earning capacity, permanent injuries within a reasonable degree of medical probability, disfigurement and scarring, and aggravation of an exist disease or physical defect.

<u>COUNT IV</u>
<u>NEGLIGENT HIRING AGAINST DEFENDANT LYFT, INC.</u>

Plaintiff, CLAUDEL FILS-AIME, hereby adopts and re-alleges each and every allegation set forth in paragraphs 1 through 12 as if fully set forth herein and further alleges:

23.     Defendant, LYFT, INC., owed a duty of reasonable care to Plaintiff when hiring its drivers and/or employees, including Defendant, ALEJANDRO PORCELLI.

24.     That duty included  the duty to conduct reasonable background investigation of

5

the prospective employee, including but not limited to: confirming a verifiable driving history, investigating relevant medical history, contacting former employers; providing a detailed job application pertaining to prior criminal convictions and civil actions, if relevant; obtaining from the Florida Department of Law Enforcement and Florida Department of Motor Vehicles a check of the information as reported, as well as acting as a reasonably prudent employer when hiring a prospective employee.

26. Defendant, LYFT, INC., knew or should have known that absent such reasonable investigation, a dangerous condition would exist for the general public and/or passengers riding with Defendant, ALEJANDRO PORCELLI.

26. Defendant, LYFT, INC., breached this duty by negligently failing to investigate ALEJANDRO PORCELLI's driving license and prior driving record; negligently failing to determine whether ALEJANDRO PORCELLI was qualified to drive his vehicle and transport passengers; negligently failing to do an adequate background investigation; negligently failing to investigate ALEJANDRO PORCELLI's relevant medical history.

27. Had LYFT, INC., made an appropriate and reasonable investigation at the time of hiring ALEJANDRO PORCELLI, they would have been on notice either to investigate further, or it would have had actual or constructive notice that allowing ALEJANDRO PORCELLI to work as a LYFT, INC, driver was reasonably likely to result in harm to the general public and/or passengers.

28. As a direct and proximate result of Defendant, LYFT. INC's negligence, Plaintiff, CLAUDEL FILS-AIME, sustained the following past and future damages, which include but are not limited to: bodily injuries, pain and suffering, medical and related expenses, past, present and future incurred in seeking a cure for Plaintiff's injuries, or that will be incurred in seeking a cure

for the Plaintiff's injuries, loss of capacity to lead and enjoy a normal life, mental anguish, physical impairment, inconvenience, loss of income or diminution of earnings and/or earning capacity, permanent injuries within a reasonable degree of medical probability, disfigurement and scarring, and aggravation of an exist disease or physical defect.

**COUNT V**
**NEGLIGENT SUPERVISION AND TRAINING**
**AGAINST DEFENDANT LYFT, INC.**

Plaintiff, CLAUDEL FILS-AIME, hereby adopts and re-alleges each and every allegation set forth in paragraphs 1 through 12 as if fully set forth herein and further alleges:

29.    Defendant, LYFT, INC., had a duty to properly train and supervise drivers and/or employees including Defendant, ALEJANDRO PORCELLI.

30.    Defendant, LYFT, INC., breached its duty to properly train and supervise ALEJANDRO PORCELLI in one or more of the following non-exclusive ways: failing to monitor driving habits and behaviors; failing to train as to safe driving techniques; failing to train as to distracted driving; and failing to train as to the proper maintenance of normal faculties while driving.

31.    As a direct and proximate result of Defendant, LYFT. INC's negligence, Plaintiff, CLAUDEL FILS-AIME, sustained the following past and future damages, which include but are not limited to: bodily injuries, pain and suffering, medical and related expenses, past, present and future incurred in seeking a cure for Plaintiff's injuries, or that will be incurred in seeking a cure for the Plaintiff's injuries, loss of capacity to lead and enjoy a normal life, mental anguish, physical impairment, inconvenience, loss of income or diminution of earnings and/or earning capacity, permanent injuries within a reasonable degree of medical probability, disfigurement and scarring, and aggravation of an exist disease or physical defect.

**COUNT VI**
**JOINT VENTURE**
**AGAINST DEFENDANT LYFT, INC.**

Plaintiff, CLAUDEL FILS-AIME, hereby adopts and re-alleges each and every allegation set forth in paragraphs 1 through 12 as if fully set forth herein and further alleges:

32.    At all times material hereto, Defendant, LYFT, INC., was engaged in a joint venture with Defendant, ALEJANDRO PORCELLI, and was acting on behalf of the joint venture and within the scope of its business at the time of the incident complained of.

33.    Defendant, LYFT, INC., combined its resource and efforts with Defendant, ALEJANDRO PORCELLI, and they had the common interest and purpose of transporting customers for monetary profit.

34.    Defendant, LYFT, INC., had joint control or right of control of the venture and joint ownership interest in the subject matter of the venture and a common duty to share in the profits and losses, including, but not limited to:

a.    The types of jobs/fares provided to ALEJANDRO PORCELLI

b.    The number of jobs/fare provided to ALEJANDRO PORCELLI

c.    The rate of pay for the jobs/fare for ALEJANDRO PORCELLI

d.    The location of the jobs/fare provided to ALEJANDRO PORCELLI

e.    The sharing of the amount of revenue generated from the customers based upon the fares completed by ALEJANDRO PORCELLI

f.    The sharing of the losses with ALEJANDRO PORCELLI

35.    As such, a joint venture existed between Defendant, LYFT, INC., and Defendant, ALEJANDRO PORCELLI, and each was responsible for the negligence of the other in negligently operating the motor vehicle causing the injuries to the Plaintiff on the incident date.

36.     As a direct and proximate result of Defendant, LYFT. INC's negligence, Plaintiff, CLAUDEL FILS-AIME, sustained the following past and future damages, which include but are not limited to: bodily injuries, pain and suffering, medical and related expenses, past, present and future incurred in seeking a cure for Plaintiff's injuries, or that will be incurred in seeking a cure for the Plaintiff's injuries, loss of capacity to lead and enjoy a normal life, mental anguish, physical impairment, inconvenience, loss of income or diminution of earnings and/or earning capacity, permanent injuries within a reasonable degree of medical probability, disfigurement and scarring, and aggravation of an exist disease or physical defect.

**COUNT VII**
**PARTNERSHIP AGAINST DEFENDANT LYFT, INC.**

Plaintiff, CLAUDEL FILS-AIME, hereby adopts and re-alleges each and every allegation set forth in paragraphs 1 through 12 as if fully set forth herein and further alleges:

37.     At all times material hereto, Defendant, LYFT, INC., was acting on behalf of the partnership with Defendant, ALEJANDRO PORCELLI, at the time of the incident complained of.

38.     The partnership was created by the joint agreement between LYFT, INC., and ALEJANDRO PORCELLI, to engage in a business for their common benefit, with LYFT providing their insurance, dispatch, branding, and services, and Defendant, ALEJNADRO PORCELLI providing his time, property, and services; with both Defendants having an interest in the profits generated thereof.

39.     As such, each member of the partnership is responsible for the negligence of any partner; to wit, the active negligence of Defendant, ALEJANDRO PORCELLI when he negligently operated his vehicle striking the Plaintiff, CLAUDEL FILS-AIME, causing serious

injuries; while Defendant, ALEJANDRO PORCELLI was acting on behalf of the partnership and in the scope of the partnership's business.

40.     As a direct and proximate result of Defendant, ALEJANDRO PORCELLI's negligence, Plaintiff, CLAUDEL FILS-AIME, sustained the following past and future damages, which include but are not limited to: bodily injuries, pain and suffering, medical and related expenses, past, present and future incurred in seeking a cure for Plaintiff's injuries, or that will be incurred in seeking a cure for the Plaintiff's injuries, loss of capacity to lead and enjoy a normal life, mental anguish, physical impairment, inconvenience, loss of income or diminution of earnings and/or earning capacity, permanent injuries within a reasonable degree of medical probability, disfigurement and scarring, and aggravation of an exist disease or physical defect.

**COUNT VIII**
**NEGLIGENCE AGAINST DEFENDANT LYFT, INC.**

Plaintiff, CLAUDEL FILS-AIME, hereby adopts and re-alleges each and every allegation set forth in paragraphs 1 through 12 as if fully set forth herein and further alleges:

41.     At all times material hereto, Defendant, LYFT, INC., had a duty to prevent its drivers and/or employees including Defendant, ALEJANDRO PORCELLI, from being distracted while driving.

42.     At all times material hereto, Defendant, LYFT, INC., allowed and/or encouraged its drivers to use the LYFT application while the vehicle was in use in violation of Fla. Stat. 316.305.

43.     The LYFT application is used by the Defendant, LYFT, INC.'s drivers, including ALEJANDRO PORCELLI on the incident date, and allows its drivers to: send messages, call users, find ride requests, accept rides, and obtain directions.

44.     Defendant, LYFT, INC., knew or should have known that the use of the LYFT application by Defendant, LYFT, INC.'s drivers created a unsafe distraction for its drivers and failed to protect individuals from injury due to driver distraction and inattentiveness.

45.     Defendant, LYFT, INC., was negligent in the development, implementation and use of the application.

46.     As a direct and proximate result of Defendant, LYFT, INC.'s negligence, Plaintiff, CLAUDEL FILS-AIME, sustained the following past and future damages, which include but are not limited to: bodily injuries, pain and suffering, medical and related expenses, past, present and future incurred in seeking a cure for Plaintiff's injuries, or that will be incurred in seeking a cure for the Plaintiff's injuries, loss of capacity to lead and enjoy a normal life, mental anguish, physical impairment, inconvenience, loss of income or diminution of earnings and/or earning capacity, permanent injuries within a reasonable degree of medical probability, disfigurement and scarring, and aggravation of an exist disease or physical defect.

WHEREFORE, Plaintiff, CLAUDEL FILS-AIME, demands judgment against Defendants, ADRIANA COLMAN, ALEJANDRO PORCELLI, and LYFT, INC, for an amount in excess of Thirty Thousand ($30,000.00) Dollars, plus costs, and for any other and further relief the Court deems just and proper.

**Plaintiff, CLAUDEL FILS-AIME, demands trial by jury on all issues triable as of right and law.**

**[INTENTIONALLY LEFT BLANK]**

Dated this 3rd Day of January, 2022.

**BERMAN LAW GROUP, P.A.**
Attorneys for Plaintiff
Post Office Box 272789
Boca Raton, Florida 33427
Telephone: (561) 826-5200
Facsimile: (561) 826-5201

By: */s/ Joseph F. Stallone*
Joseph F. Stallone, Esq.
Florida Bar No.: 1002843

By: */s/ Rocco Scarfone*
Rocco Scarfone, Esq.
Florida Bar No.: 1026181

service@thebermanlawgroup.com
jstallone@thebermanlawgroup.com

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CLAUDEL FILS-AIME,

                                        CASE NO:

      Plaintiff,

v.

ADRIANA COLMAN, ALEJANDRO
PORCELLI, and LYFT, INC. a Foreign
Profit Corporation,

      Defendants.

_____/

## PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT, LYFT FLORIDA, INC d/b/a LYFT, INC.

      The Plaintiff, CLAUDEL FILS-AIME, by and through undersigned counsel, files this First Request to Produce, pursuant to Florida Rules of Civil Procedure, Rule 1.350, and requests Defendant, LYFT FLORIDA, INC. d/b/a LYFT, INC,  to respond in accordance with Rule 1.350.

## INTRODUCTION & DEFINITIONS

      A.    These requests are directed toward all documents and information known or available to Defendant, including information contained in the records and documents in Defendant's custody or control or available to Defendant upon reasonable inquiry. Where requested documents do not exist, please state that the document does not exist.

      B.    Each request for production of documents is to be deemed a continuing one.  If, after serving any requested document, Defendant obtains any further documentation pertaining to that request for production, Defendant is requested to serve a supplemental answer setting forth copies of additional documents.

      C.    All documents produced pursuant hereto are to be produced as they are kept in the usual course of business or shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.

      D.    "You" or "Your" refers to the Person (as defined below) to whom this request is addressed, including his/her/its employees, agents, servants, subsidiaries, parent company, affiliated company, and other persons acting for or in concert with or purporting to act on the Defendant's behalf, including your Representative (as defined below).

E.      "Defendant" shall mean LYFT FLORIDA, INC. d/b/a LYFT, INC, and includes all nicknames, pseudonyms and/or misnomers in any papers or documents referencing the defendant or any liability or obligation attributable to them.

F.      "Plaintiff" shall mean CLAUDEL FILS-AIME.

G.      "Person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units herein, and shall include, but not be limited to, public or private corporations, partnerships, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, bureaus, or departments, and the agents, servants, and employees of same.

H.      "Representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question, including insurance company employees.

I.      "Employees" shall include not only full time salaried positions but all those performing of services of any type for Defendant, whether compensated or not, including, but not limited to, part-time, contractors, formal or informal advisory and consulting services

J.      If you object to providing any discovery or fail to fully provide, or fail to provide any production on the grounds of privilege or protection of trial preparation material, you are required to:
a.      Make the claim directly;
b.      Describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable the party propounding this Request for Production to assess the applicability of the privilege or protection.
c.      In any of the documents encompassed by the attached request for production of documents is/are deemed by you to be privileged, furnish all non-privileged documents.

K.      When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope thereof.

L.      "Document(s)" or "Writing(s)" shall be deemed to include every record of every type, and is used in the broadest sense and includes any medium upon which intelligence or information can be recorded and further includes, but is not limited to, all originals, nonidentical copies and drafts of the following items, whether printed, handwritten, typed, recorded, sent, received or stored via electronic or digital means or device, or reproduced by hand, including without limitation correspondence, memoranda, e-mails, texts, invoices, receipts, records, ledger cards or other accounting records, voucher, check, shop order, diary, calendar, instruction, summaries of personal conversations or interviews, minutes or records of meetings or conferences, transcripts, opinions or reports of consultants, projections, drafts, contracts, agreements,

confirmations, statistical statements, studies, telegrams, telexes, books, notes, reports, logs, diaries, audio and /or video recordings, data compilations from which information can be obtained, charts, photographs, notebooks, drawings, plan, printed materials or any kind, charts and interoffice communications, and any other writing of whatever description, including but not limited to any information contained in any computer (whether stored on a physical drive or in a cloud or virtual storage space), signed or unsigned, regardless of whether approved, signed, sent received, redrafted, or executed, study, work paper, handwritten note, draft, chart, paper, print, laboratory record, drawing sketch, diagram, form graph, index, list, tape, photograph, microfilm, data sheet, data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced and reproduced.

M.      Each draft, final document, original, reproduction, and each signed and unsigned document and every additional copy of such document where such copy contains any commentary, note, notation or other change whatsoever that does not appear on the original or on the copy of the one document produced shall be deemed and considered to constitute a separate document.

N.      "Communication", "communications", or "correspondence" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information or opinion, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, text message, email, or otherwise.

O.      As used in these requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

P.      The term "subject accident" as used herein, refers to the motor vehicle accident giving rise to this matter as described in Plaintiff's Complaint.

Q.      The words "and" and "or" as used herein shall be construed either disjunctively or conjunctively as required by the context to bring within the scope of these interrogatories any answer that might be deemed outside their scope by another construction.

R.      "Relating to" means containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

S.      "Identify" or "identity" means to state or a statement of:

    a)      in the case of a person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

b)    in the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

c)    in the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

d)    in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

e)    in the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

T.    "Including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

U.    References to the "subject vehicle" shall mean the 2016 Ford Focus automobile driven by Defendant, ALEJANDRO PORCELLI, that was involved in the subject accident as described in the Complaint.

## REQUESTED DOCUMENTS

1. All documents, including any titles, rental agreements, lease agreements, registrations, insurance documents, or any other documents relating to the legal or equitable interest in the subject vehicle.

2.    All documents relating to the damage sustained to any of the vehicles involved in the subject accident, including property damage estimates, property damage reimbursement drafts, appraisals, payments of property damage claim(s), repair bills, and supplemental estimates.

3.    All photographs and recordings, whether in hard copy or electronic format, of any motor vehicle involved in the subject accident.

4.    All photographs, recordings, drawings, schematics, or renderings, whether in hard copy or electronic format, of the scene of the subject accident, whether taken/created before or after the accident.

5.    All documents and recordings of any statements of the Plaintiff.

6.    All documents and recordings of any statements obtained from any person or

potential witness relating to the subject accident and the allegations of the Complaint.

7.    All incident reports, police reports or any other documents prepared contemporaneously with and related to the subject accident.

8.    A color copy of the Defendant ALEJANDRO PORCELLI'S driver's license (front and back).

9.    All insurance policies, including liability, excess, umbrella, and the like, including the declaration page or face sheet showing the dollar limits of coverage, that provide insurance coverage, or that may provide insurance coverage, for the injuries and damages the Plaintiff has sustained, as more fully set forth in the Complaint.

10.    All documents, recordings or photographs of any kind, in any format, related to surveillance or investigation of Plaintiff.

11.    All documents reflecting any settlement with any other person, firm or corporation arising out of the subject accident.

12.    All reports made by, for, or on behalf of any expert witness employed by the Defendant, its attorneys or other representatives, relating to subject accident.

13.    All cellular phone records for any cell/mobile phones provided to the defendant driver, for the period of two (2) hours before and after the subject accident. If Defendant does not have access to cellular phone records, please execute the attached cellular phone authorization, under oath, and return original to Plaintiff.

14.    Any medical records of the Plaintiff which are in the Defendant's possession, custody and/or control, as well as the Defendant's agents, employees, and representatives.

15.    The Engine Control Module ("ECM") and/or "black box data," taken from Defendant's motor vehicle(s) involved in the subject accident, for the two hours before and two hours after the subject accident.

16.    A complete copy of any and all printouts and copies of any and all electronic files of data imaged (i.e., downloaded) from any and all Event Data Recorders (EDR), relating to any of the motor vehicles involved in the subject accident. An EDR means a device or electronic function in a vehicle, whether in the vehicle, or operating remotely, that records any vehicle or occupant-based data just prior to or during a crash, such that the data can be retrieved after the crash.

17.    Any and all documents regarding the employment and/or otherwise business relationship with Defendant, ALEJANDRO PORCELLI, including but not limited to, employment contracts, independent contractor agreements, applications, certifications, disciplinary documents, performance evaluations, work description records, termination records, or any other personnel

records or work records.

Dated this 3rd day of January, 2022.

**BERMAN LAW GROUP, P.A.**
Attorneys for Plaintiff
Post Office Box 272789
Boca Raton, Florida 33427
Telephone: (561) 826-5200
Facsimile: (561) 826-5201

By: */s/ Joseph F. Stallone*
Joseph F. Stallone, Esq.
Florida Bar No.: 1002843

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY FLORIDA

                                        CASE NO.:

CLAUDEL FILS-AIME,

          Plaintiff,

v.

ADRIANA COLMAN, ALEJANDRO
PORCELLI, and LYFT, INC., a Foreign
Profit Corporation,


          Defendants.
_____/

**PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT, ADRIANA COLMAN**

        The Plaintiff, CLAUDEL FILS-AIME, by and through counsel, pursuant to Rule 1.350 of

the Florida Rules of Civil Procedure, hereby requests the Defendant, ADRIANA COLMAN, to

produce the following for inspection and/or copying, and in support thereof, would show that the

requested items are within the scope of discovery as set forth in Rule 1.280(b) and that the material

requested is in the possession, custody and control of the party to whom the request is directed , and

that such items are necessary for the Plaintiff, CLAUDEL FILS-AIME, to properly prepare his/her

case:

1.      Electronic/digital image and video files in native format (original unedited format),
        photographs, images, drawing, graphs, charts, writings, videos and motion pictures depicting
        depicting the vehicles involved in the motor vehicle collision described in the complaint after
        the collision.

2.      Electronic/digital image and video files in native format (original unedited format),
        photographs, images, drawing, graphs, charts, writings, videos and motion pictures depicting
        depicting the vehicles involved in the motor vehicle collision described in the complaint
        before the collision.

3.      Electronic/digital image and video files in native format (original unedited format), photographs, images, drawing, graphs, charts, writings, videos and motion pictures depicting the scene of the motor vehicle collision described in the complaint.

4.      Electronic/digital image and video files in native format (original unedited format), photographs, images, drawing, graphs, charts, writings, videos and motion pictures depicting the motor vehicle collision described in the complaint.

5.      Electronic/digital image and video files in native format (original unedited format), photographs, images, drawing, graphs, charts, writings, videos and motion pictures depicting the Plaintiff.

6       Electronic/digital image and video files in native format (original unedited format), photographs, images, drawing, graphs, charts, writings, videos and motion pictures evidencing any prior and/or subsequent accidents involving the Plaintiff, including, but not limited to, photographs of any prior or subsequent injuries and property damage.

7.      All statement of the Plaintiffs; including, but not limited to, examinations under oath, EUOs, pre-trial recorded statement, deposition transcripts or written or adopted statements of Plaintiff.

8.      Any and all notes describing or memorializing statements made by the Plaintiff in the possession of the Defendant, Defendant's insurer, and/or Defense counsel.

9.      All statements of any witnesses to the motor vehicle collision described in the complaint.

10.     All statements of any witnesses pertain to any of the issues in this lawsuit.

11.     Photographs, images, drawing, graphs, charts, writings, videos and motion pictures evidencing any prior and subsequent accidents involving the Plaintiff, including, but not limited to, photographs of any prior or subsequent injuries and property damage.

12.     Any and all repair estimates and/or bills and/or documents evidencing damages to any vehicle or property, resulting from the motor vehicle collision described in the complaint.

13.     Documents evidencing any vehicle in the subject motor vehicle collision was a total loss or written off as a result of the subject motor vehicle collision, including documentation evidencing valuation of said vehicles.

14.     A complete copy of the transcript of any traffic court proceeding arising out of the motor vehicle collision which is the subject of this lawsuit.

15.     Complete copies of any all policies of insurance that you contend cover or may cover you for the allegations set forth in the Plaintiff's Complaint (including any excess, umbrella, and catastrophic coverage) that were in force and effect at the time of the motor vehicle collision

which is the subject of this lawsuit.

16.    A copy of the title and registration of the vehicle involved in the motor vehicle collision as described in the Complaint.

17.    If the vehicle driven by the defendant driver was a lease or rental, please provide a copy of any and all written agreements regarding he vehicle including, but without limitation, rental agreements, policies of insurance, and any and all documentation setting forth the automobile liability or damage coverage for such vehicle.

18.    A copy of any cellular phone records evidencing all calls, data usage, text messages or other cellular/digital used by any individual involved in the subject motor vehicle collision for one (1) hour prior to the subject motor vehicle collision until one (1) hour after the collision.

19.    Documentation and records evidencing any prior and subsequent automobile accidents involving the Plaintiff, in the possession of the Defendant, Defendant's attorney and Defendant's insurer and/or agents.

20.    Documentation and records evidencing any prior injuries and medical treatment relating to the Plaintiff. (Including records in the possession of Defendants' attorney, Defendants' insurer and/or Defendants' agents)

21.    All surveillance films, photographs and/or surveillance reports of the Plaintiff. (Including films in the possession of Defendants' attorney, Defendants' insurer and/or Defendants' agents).

22.    Copies of any documentation and/or correspondence alleged to pertain to the cancellation of any policy of insurance which may provide coverage in the subject action, including any reservation of rights letter.

23.    A copy of any police report, traffic crash report and/or homicide report pertaining to and listing the Plaintiff.

24.    A copy of any expert witness reports, a copy of any diagnostic film re-read report, radiology report, compulsory medical exam and/or medical record review report.

25.    Any traffic citations received by the Defendants/driver of Defendant's vehicle for the motor vehicle crash described in the Complaint.

26.    Copies of any correspondence (including, but not limited to letters, emails, text messages and/or digital messages) to or from Plaintiff.

27.    Copy of a description of the motor vehicle collision contained on the Defendant's Application for Benefits/PIP Application for the subject collision.

28.    Explanation of Benefits (EOB's) for all Personal Injury Protection and Medical Payment benefits paid in the subject action to Plaintiff.

29.    All electronic data retrieval from any of the subject vehicles involved in the subject accident.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on the Defendant, ADRIANA COLMAN, with the Summons and Complaint.

Dated this 3rd Day of January, 2022.

**BERMAN LAW GROUP, P.A.**
Attorneys for Plaintiff
Post Office Box 272789
Boca Raton, Florida 33427
Telephone: (561) 826-5200
Facsimile: (561) 826-5201

By: */s/ Joseph F. Stallone*
Joseph F. Stallone, Esq.
Florida Bar No.: 1002843

By: */s/ Rocco Scarfone*
Rocco Scarfone, Esq.
Florida Bar No.: 1026181

service@thebermanlawgroup.com
jstallone@thebermanlawgroup.com

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY FLORIDA

CASE NO.:

CLAUDEL FILS-AIME,

      Plaintiff,

v.

ADRIANA COLMAN, ALEJANDRO
PORCELLI, and LYFT, INC., a Foreign
Profit Corporation,

      Defendants.

_____/

## PLAINTIFF'S REQUEST FOR PRODUCTION TO
## DEFENDANT ALEJANDRO PORCELLI

The Plaintiff, CLAUDEL FILS-AIME, by and through counsel, pursuant to Rule 1.350 of

the Florida Rules of Civil Procedure, hereby requests the Defendant, ALEJANDRO PORCELLI, to

produce the following for inspection and/or copying, and in support thereof, would show that the

requested items are within the scope of discovery as set forth in Rule 1.280(b) and that the material

requested is in the possession, custody and control of the party to whom the request is directed , and

that such items are necessary for the Plaintiff, CLAUDEL FILS-AIME, to properly prepare his/her

case:

1.     Electronic/digital image and video files in native format (original unedited format),
photographs, images, drawing, graphs, charts, writings, videos and motion pictures depicting
depicting the vehicles involved in the motor vehicle collision described in the complaint after
the collision.

2.     Electronic/digital image and video files in native format (original unedited format),
photographs, images, drawing, graphs, charts, writings, videos and motion pictures depicting
depicting the vehicles involved in the motor vehicle collision described in the complaint
before the collision.

3.    Electronic/digital image and video files in native format (original unedited format), photographs, images, drawing, graphs, charts, writings, videos and motion pictures depicting the scene of the motor vehicle collision described in the complaint.

4.    Electronic/digital image and video files in native format (original unedited format), photographs, images, drawing, graphs, charts, writings, videos and motion pictures depicting the motor vehicle collision described in the complaint.

5.    Electronic/digital image and video files in native format (original unedited format), photographs, images, drawing, graphs, charts, writings, videos and motion pictures depicting the Plaintiff.

6     Electronic/digital image and video files in native format (original unedited format), photographs, images, drawing, graphs, charts, writings, videos and motion pictures evidencing any prior and/or subsequent accidents involving the Plaintiff, including, but not limited to, photographs of any prior or subsequent injuries and property damage.

7.    All statement of the Plaintiffs; including, but not limited to, examinations under oath, EUOs, pre-trial recorded statement, deposition transcripts or written or adopted statements of Plaintiff.

8.    Any and all notes describing or memorializing statements made by the Plaintiff in the possession of the Defendant, Defendant's insurer, and/or Defense counsel.

9.    All statements of any witnesses to the motor vehicle collision described in the complaint.

10.   All statements of any witnesses pertain to any of the issues in this lawsuit.

11.   A color photocopy of the front and back of the Defendant's driver's license.

12.   Photographs, images, drawing, graphs, charts, writings, videos and motion pictures evidencing any prior and subsequent accidents involving the Plaintiff, including, but not limited to, photographs of any prior or subsequent injuries and property damage.

13.   Any and all repair estimates and/or bills and/or documents evidencing damages to any vehicle or property, resulting from the motor vehicle collision described in the complaint.

14.   Documents evidencing any vehicle in the subject motor vehicle collision was a total loss or written off as a result of the subject motor vehicle collision, including documentation evidencing valuation of said vehicles.

15.   A complete copy of the transcript of any traffic court proceeding arising out of the motor vehicle collision which is the subject of this lawsuit.

16.    Complete copies for any and all policies of insurance which you contend cover or may cover you for the allegations set forth in the Complaint (including any excess, umbrella, and catastrophic coverage) that were in force and effect at the time of the motor vehicle collision which is the subject of this lawsuit.

17.    A copy of the title and registration of the vehicle involved in the motor vehicle collision as described in the Complaint.

18.    If the vehicle driven by the defendant driver was a lease or rental, please provide a copy of any and all written agreements regarding he vehicle including, but without limitation, rental agreements, policies of insurance, and any and all documentation setting forth the automobile liability or damage coverage for such vehicle.

19.    A copy of any cellular phone records evidencing all calls, data usage, text messages or other cellular/digital used by any individual involved in the subject motor vehicle collision for one (1) hour prior to the subject motor vehicle collision until one (1) hour after the collision.

20.    Documentation and records evidencing any prior and subsequent automobile accidents involving the Plaintiff, in the possession of the Defendant, Defendant's attorney and Defendant's insurer and/or agents.

21.    Documentation and records evidencing any prior injuries and medical treatment relating to the Plaintiff. (Including records in the possession of Defendants' attorney, Defendants' insurer and/or Defendants' agents)

22.    All surveillance films, photographs and/or surveillance reports of the Plaintiff. (Including films in the possession of Defendants' attorney, Defendants' insurer and/or Defendants' agents).

23.    Copies of any documentation and/or correspondence alleged to pertain to the cancellation of any policy of insurance which may provide coverage in the subject action, including any reservation of rights letter.

24.    A copy of any police report, traffic crash report and/or homicide report pertaining to and listing the Plaintiff.

25.    A copy of any expert witness reports, a copy of any diagnostic film re-read report, radiology report, compulsory medical exam and/or medical record review report.

26.    Any traffic citations received by the Defendants/driver of Defendant's vehicle for the motor vehicle crash described in the Complaint.

27.    Copies of any correspondence (including, but not limited to letters, emails, text messages and/or digital messages) to or from Plaintiff.

28.     Copy of a description of the motor vehicle collision contained on the Defendant's Application for Benefits/PIP Application for the subject collision.

29.     Explanation of Benefits (EOB's) for all Personal Injury Protection and Medical Payment benefits paid in the subject action to the Plaintiff.

30.     Copies of all medical, osteopathic, chiropractic, nursing and hospital records of the Defendant, containing or referencing any statement and/or description of the subject motor vehicle collision.

31.     All electronic data retrieval from any of the subject vehicles involved in the subject accident.

        I HEREBY CERTIFY that a true and correct copy of the foregoing was served on the

Defendant, ALEJANDRO PORCELLI, with the Summons and Complaint.


                                        **BERMAN LAW GROUP, P.A.**
                                        Attorneys for Plaintiff
                                        Post Office Box 272789
                                        Boca Raton, Florida 33427
                                        Telephone: (561) 826-5200
                                        Facsimile: (561) 826-5201

                                        By: */s/ Joseph F. Stallone*
                                        Joseph F. Stallone, Esq.
                                        Florida Bar No.: 1002843
                                        service@thebermanlawgroup.com
                                        jstallone@thebermanlawgroup.com

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CLAUDEL FILS-AIME,

       Plaintiff,

v.

ADRIANA COLMAN, ALEJANDRO
PORCELLI, and LYFT, INC. a Foreign
Profit Corporation,

       Defendants.

_____/

CASE NO:

## NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT, LYFT, INC.

Plaintiff, CLAUDEL FILS-AIME, by and through undersigned counsel, and files this Notice

of Service of Interrogatories directed to Defendant, LYFT, INC., pursuant to Florida Rules of Civil

Procedure, Rule 1.340, and requests Defendant to file answers in accordance with Rule 1.340.

Dated this 3rd day of January, 2022.

**BERMAN LAW GROUP, P.A.**
Attorneys for Plaintiff
Post Office Box 272789
Boca Raton, Florida 33427
Telephone: (561) 826-5200
Facsimile: (561) 826-5201

By: */s/ Joseph F. Stallone*
Joseph F. Stallone, Esq.
Florida Bar No.: 1002843

## <u>INTRODUCTION & DEFINITIONS</u>

A.    These interrogatories are directed toward all information known or available to Defendant, including information contained in the records and documents in Defendant's custody or control or available to Defendant upon reasonable inquiry. Where interrogatories cannot be answered in full, they shall be answered as completely as possible and incomplete answers shall be accompanied by a specification of the reasons for the incompleteness of the answer and of whatever actual knowledge is possessed with respect to each unanswered or incompletely answered interrogatory.  If sufficient space for your answer is not provided herein, you may attach additional papers with your answers and refer to your attached answers in the space provided herein.

B.    Each interrogatory is to be deemed a continuing one. If, after serving an answer to any interrogatory, Defendant, or an authorized officer for Defendant, obtains or becomes aware of any further information pertaining to that interrogatory, Defendant or its authorized officer is requested to serve a supplemental answer setting forth such information.

C.    "You" or "Your" refers to the Person (as defined below) to whom this request is addressed, including his/her/its employees, agents, servants, subsidiaries, parent company, affiliated company, and other persons acting for or in concert with or purporting to act on the Defendant's behalf, including your Representative (as defined below).

D.    ""Defendant" shall mean LYFT, INC., and includes all nicknames, pseudonyms and/or misnomers in any papers or documents referencing the defendant or any liability or obligation attributable to them.

E.    "Plaintiff" shall mean CLAUDEL FILS-AIME.

F.    "Person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units herein, and shall include, but not be limited to, public or private corporations, partnerships, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, bureaus, or departments, and the agents, servants, and employees of same.

G.    "Representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question, including insurance company employees.

H.    "Employees" shall include not only full time salaried positions but all those performing of services of any type for Defendant, whether compensated or not, including, but not limited to, part-time, contractors, formal or informal advisory and consulting services.


I.    If you object to providing any response on the grounds of privilege or protection of trial preparation material, please state the specific basis of your privilege claim.

J.      When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope thereof

K.      "Document(s)" or "Writing(s)" shall be deemed to include every record of every type, and is used in the broadest sense and includes any medium upon which intelligence or information can be recorded and further includes, but is not limited to, all originals, nonidentical copies and drafts of the following items, whether printed, handwritten, typed, recorded, sent, received or stored via electronic or digital means or device, or reproduced by hand, including without limitation correspondence, memoranda, e-mails, texts, invoices, receipts, records, ledger cards or other accounting records, voucher, check, shop order, diary, calendar, instruction, summaries of personal conversations or interviews, minutes or records of meetings or conferences, transcripts, opinions or reports of consultants, projections, drafts, contracts, agreements, confirmations, statistical statements, studies, telegrams, telexes, books, notes, reports, logs, diaries, audio and /or video recordings, data compilations from which information can be obtained, charts, photographs, notebooks, drawings, plan, printed materials or any kind, charts and interoffice communications, and any other writing of whatever description, including but not limited to any information contained in any computer (whether stored on a physical drive or in a cloud or virtual storage space), signed or unsigned, regardless of whether approved, signed, sent received, redrafted, or executed, study, work paper, handwritten note, draft, chart, paper, print, laboratory record, drawing sketch, diagram, form graph, index, list, tape, photograph, microfilm, data sheet, data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced and reproduced.

L.      "Communication", "communications", or "correspondence" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information or opinion, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, text message, email, or otherwise.

M.      As used in these requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

N.      The words "and" and "or" as used herein shall be construed either disjunctively or conjunctively as required by the context to bring within the scope of these interrogatories any answer that might be deemed outside their scope by another construction.

O.      "Relating to" means containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

P.      "Identify" or "identity" means to state or a statement of:

        a)      in the case of a person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

b)      in the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

c)      in the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

d)      in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

e)      in the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

Q.      "Including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

R.      The term "subject accident" as used herein, refers to the motor vehicle accident giving rise to this matter as described in Plaintiff's Complaint.

## <u>INITIAL INTERROGATORIES TO DEFENDANT, LYFT, INC.</u>

1.   What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.   List the name and address of all persons or corporations who were the registered title owners or who had ownership interest in, or right to control, 2016 Ford Focus automobile that the Defendant driver was driving at the time of the subject accident, and describe both the nature of the ownership interest or right to control the vehicle, and the vehicle itself, including the make, model, year and vehicle identification number.

3.   Did any mechanical defect of the motor vehicle Defendant driver was driving at the time of the subject accident, as described in the Complaint and involved in the subject accident, contribute to the incident? If so, describe the nature of the defect and how it contributed to the incident.

4.   State whether the Defendant, ALEJANDRO PORCELLI, had your consent and/or permission to operate the 2016 Ford Focus automobile. If the answer is in the affirmative, describe the basis and scope of such consent or permission.

5.     On the date of the subject accident, state whether the Defendant, ALEJANDRO PORCELLI, was operating the 2016 Ford Focus automobile for your benefit. If the answer is in the affirmative, describe the basis and scope of such benefit.

6.     Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

7.     Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

8.     Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in plaintiff's complaint, detailing as to such policies:  the name of the insurer, number of the policy, the effective dates of the policy, the available limits of liability, whether Defendant, ALEJANDRO PORCELLI, is covered under said policy, and the name and address of the custodian of the policy.

9.      Describe in detail, each act or omission on the part of any party to this lawsuit you contend constituted negligence that was a contributing legal cause of the incident in question.

10.     State the facts upon which you rely for each affirmative defense in your answer.

11.     Do you contend any person or entity other than you is, or may be, liable in whole or in part for the claims asserted against you in this lawsuit?  If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

12.     Were you charged with any violation of law (including any regulations or ordinances) arising out of subject accident? If so, what was the nature of the charge; what plea or answer, if any, did you enter to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding the charge, and, if so, what is the name and address of the person or entity who prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what is the name and address of the person who recorded the testimony?

13.     List the names and addresses of all persons believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

14.     Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

15.     Has any surveillance material including, but not limited to, videotape, movies, photographs or reports been compiled, taken or prepared of any Plaintiff in this action?

16.    If your answer to the preceding question is yes, please state the date that the information was prepared; who prepared the information, including his/her business address; what the information depicts or describes and the location at which the information was obtained.

17.    List the names and addresses of any third parties who may have caused or contributed to the subject accident which resulted in the damages alleged by Plaintiff.

18.    List in detail any intervening acts, events or causes which may have contributed to the subject accident which resulted in the damages alleged by Plaintiff.

19.    State the name and address of every person known to you, your agents or attorneys who has knowledge about, or possession, custody or control of any model, plat, map, drawing, motion picture, video tape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

20.     On the date of the subject accident, was Defendant driver as named in the Complaint driving for or otherwise employed by the Defendant entity?  If so, describe with specificity the employment and/or independent contractor agreement between you and the subject driver, including but not limited to the hire and/or start date of such working relationship, the duties performed by him/her on behalf of the Defendant entity, and whether he/she still acts in the same capacity and if not, the last date of service/employment.

21.     Describe your knowledge of the Defendant driver's driving abilities prior to the subject incident, including any knowledge of prior driving violations or infractions and any training he/she may have had.

22.     If the motor vehicle that Defendant driver operated at the time of the subject motor vehicle accident was equipped with an event data recorder, ("EDR"), also referred to as the "black box," or any dash camera or other recording device, please state whether you or anyone on your behalf retrieved the data from the event data recorder and/or other recording device and the present custodian of said data.

23.     If a report was made by an agent, servant or employee of the Defendant in the ordinary course of business with respect to the subject incident, please state the name, last known address and position of the person who made the report, the date it was made and who has custody of it.

24.     For purposes of deposition and trial, state the name, title or position, and address of your authorized representative.

<u>VERIFICATION PAGE</u>

_____
DEFENDANT'S SIGNATURE

_____
PRINT NAME

_____
OFFICIAL POSITION

STATE OF FLORIDA           )
                                     ) SS
COUNTY OF                  )

       The foregoing instrument was acknowledged before me this _____ day of _____, 2021, by _____, who is personally known to me or has produced _____ as identification and who did/did not take an oath.

_____
NOTARY PUBLIC

My Commission expires:

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY FLORIDA

                                        CASE NO.:

CLAUDEL FILS-AIME,

      Plaintiff,

v.

ADRIANA COLMAN, ALEJANDRO
PORCELLI, and LYFT, INC., a Foreign
Profit Corporation,

      Defendants.

_____/

## PLAINTIFF'S NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT ADRIANA COLMAN

      Plaintiff, CLAUDEL FILS-AIME, by and through undersigned counsel, hereby serves

Interrogatories to the Defendant, ADRIANA COLMAN, in accordance with Rule 1.340 of the

Florida Rules of Civil Procedure.

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been duly served upon

Defendant, ADRIANA COLMAN, by a duly sworn process server with the Summons and

Complaint.

                              **BERMAN LAW GROUP, P.A.**
                              Attorneys for Plaintiff
                              Post Office Box 272789
                              Boca Raton, Florida 33427
                              Telephone: (561) 826-5200
                              Facsimile: (561) 826-5201

                              By: */s/ Joseph F. Stallone*
                              Joseph F. Stallone, Esq.
                              Florida Bar No.: 1002843
                              service@thebermanlawgroup.com
                              jstallone@thebermanlawgroup.com

**PLAINTIFF'S INTERROGATORIES TO THE DEFENDANT ADRIANA COLMAN**

1.      What is the name and address of the person answering these interrogatories, and if other than the party to which they are directed, the proper legal name and address of that person and your official position or relationship with that party?

2.      List all former names and when you were known by those names.  State all addresses where you have lived for the past ten (10) years, the dates you lived at each address, your social security number and your date of birth.

3.      Have you ever been convicted of a crime, other than any juvenile adjudication, that was under the law under which you were convicted, punishable by death or imprisonment in excess of one year, or that involved dishonesty or a false statement, regardless of the punishment?  If so, state as to each conviction the specific crime and the place of conviction.

4.      Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in Plaintiff's Complaint, detailing as to such policies:  the name of the insurer, number of the policy, the effective dates of the policy, the available limits of liability and the name and address of the custodian of the policy.

5.     Describe in detail how the motor vehicle collision described in the Complaint happened, including all actions taken by ALEJANDRO PORCELLI to prevent the motor vehicle collision.

6.     Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the motor vehicle collision in question.

7.     State the facts upon which you rely for each affirmative defense in your Answer.

8.     Do you contend that any person or entity other than you is, or may be, liable in whole or in part for the claims asserted against you in this lawsuit?  IF so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

9.      Was ALEJANDRO PORCELLI  charged  with any violation of law (including any regulations or ordinances) arising out of the motor vehicle collision described in the Complaint?  If so, what was the nature of the charge; what plea, or answer, if any, did you enter to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding the charge, and if so, what is the name and address of the person or entity that prepared the report and do you have a copy of it; and was the testimony at any trial, hearing or other proceeding on the charge recorded in any manner, and if so, what was the name and address of the person who recorded the testimony?

10.     List the names and addresses of all persons who are believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues in this lawsuit and specify the subject matter about which the witness has knowledge.

11.     Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement  or statements, the name and address of each person who heard it, and the date, time, place and substance of the statement.

12.    State the name and address of every person known to you, your agents or attorneys who has knowledge about, or possession, custody or control of any model, plat, map, drawing, motion picture, video tape or photograph pertaining to any fact or issue involved in this controversy, and describe as to each, what such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

13.    Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case?  If so, state the terms of the agreement and the parties to it.

14.    Please state if you have ever been a party, either Plaintiff or Defendant, in a lawsuit other than the present matter, and if so, state wether you were a Plaintiff or a Defendant, the nature of the action, and the date and court in which such suit was filed.

15. Was ALEJANDRO PORCELLI suffering from physical infirmity, disability or sickness at the time of the motor vehicle collision described in the complaint? If so, what was the nature of the infirmity, disability, or sickness?

16. Did ALEJANDRO PORCELLI consume any alcoholic beverages or take any drugs or medications within twelve (12) hours before the time of the motor vehicle collision described in the complaint? If so, state the type and amount of alcoholic beverages, drugs or medication which were consumed, and when and where ALEJANDRO PORCELLI consumed them.

17. Did any mechanical defect in the motor vehicle that ALEJANDRO PORCELLI was driving at the time of the motor vehicle collision described in the complaint contribute to the motor vehicle collision? If so, describe the nature of the defect and how it contributed to the motor vehicle collision.

19. List the name and address of all persons, corporations or entities who were registered title owners or who had ownership interest in, or right to control, the motor vehicle that the Defendant driver was driving at the time of the motor vehicle collision described in the Complaint and describe the vehicle, including the make, model, year and vehicle identification number of the vehicle.

20.     At the time of the incident described in the complaint, did the driver of vehicle described in your answer to the proceeding interrogatory have permission to drive the vehicle?

21.     At the time of the motor vehicle collision described in the complaint, was ALEJANDRO PORCELLI engaged in any mission or activity for any other person or entity, including any employer?  If so, state the name and address of that person or entity and the nature of the mission or activity.

22.     Was the motor vehicle that ALEJANDRO PORCELLI  was driving at the time of the motor vehicle collision described in the Complaint damaged in the motor vehicle collision, and, if so, what was the cost to repair the damage?  Please state the name and address of the individual and/or company who repaired and/or inspected the vehicle(s) as a result of the subject motor vehicle collision.

23.     Have you heard or do you know about any statement or remark made by  any person or of any issue related to the motor vehicle collision that is the subject matter of this lawsuit?  If so, for each statement, state the name of person who made it, the name and address of the person who took the statement, the date the statement was obtained and/or made, the manner in which this statement was recorded (written, recording device, court reporter, or the like), and the name and address of each person who has possession or custody of the statement or a copy thereof.

24.     Have you heard or do you know about any statement or remark made by or on behalf of any person *not a party* to this lawsuit, concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place and substance of the statement.

25.     Have you ever given a statement concerning any issue in this lawsuit (excluding statements to your attorney) regarding any issue in this lawsuit.  Such statements include, but without limitation statements given to any insurance representative or carrier. If so, state the name and address of each person who heard it or to whom the statement was given, and the date, time, place and substance of the statement.

26.     List all prior accidents, injury claims, and/or  insurance claims involving the Plaintiff(s) known to you, your attorney, agents and insurer;  for each, state the date of accident/loss, type of accident/loss (automobile, slip and fall), the names of the parties involved and any insurance companies involved in the accidents/claims (including insures who provided indemnity for any party involved in said accident/claims), any injuries sustained by Plaintiff(s), and the name and address of any medical providers which rendered treatment/care to the Plaintiff. *Grinnell Corp. v. Palms 2100 Ocean Blvd., Ltd.*, 924 So.2d 887 (Fla. 4th DCA 2006)

27.     State whether Defendant and/or Defendant's agents, insurer or representative has conducted surveillance of the Plaintiff.  If so, state the date, time and location said surveillance took place.

By: _____
       ADRIANA COLMAN


STATE OF FLORIDA          )
                    ) ss:
COUNTY OF _____)


_____, being duly sworn, deposes and says that the attached Answers to Interrogatories are true and correct to the best of his/her knowledge, information and belief.

       SWORN TO AND SUBSCRIBED before me on this _____ day of _____, 2022.


_____
       NOTARY PUBLIC

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY FLORIDA

CLAUDEL FILS-AIME,

       Plaintiff,                                    CASE NO.:

v.

ADRIANA COLMAN, ALEJANDRO
PORCELLI, and LYFT, INC., a Foreign
Profit Corporation,

       Defendants.
_____/

## PLAINTIFF'S NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT ALEJANDRO PORCELLI

Plaintiff, CLAUDEL FILS-AIME, by and through undersigned counsel, hereby serves

Interrogatories to the Defendant, ALEJANDRO PORCELLI, in accordance with Rule 1.340 of the

Florida Rules of Civil Procedure.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been duly served upon

Defendant, ALEJANDRO PORCELLI, by a duly sworn process server with the Summons and

Complaint.

Dated this 3rd Day of January, 2022.

                                       **BERMAN LAW GROUP, P.A.**
                                       Attorneys for Plaintiff
                                       Post Office Box 272789
                                       Boca Raton, Florida 33427
                                       Telephone: (561) 826-5200
                                       Facsimile: (561) 826-5201

                                       By: */s/ Joseph F. Stallone*
                                       Joseph F. Stallone, Esq.
                                       Florida Bar No.: 1002843
                                       service@thebermanlawgroup.com
                                       jstallone@thebermanlawgroup.com

<u>**PLAINTIFF'S INTERROGATORIES TO THE**</u>
<u>**DEFENDANT ALEJANDRO PORCELLI**</u>

1.     What is the name and address of the person answering these interrogatories, and if other than the party to which they are directed, the proper legal name and address of that person and your official position or relationship with that party?

2.     List all former names and when you were known by those names.  State all addresses where you have lived for the past ten (10) years, the dates you lived at each address, your social security number and your date of birth.

3.     Have you ever been convicted of a crime, other than any juvenile adjudication, that was under the law under which you were convicted, punishable by death or imprisonment in excess of one year, or that involved dishonesty or a false statement, regardless of the punishment?  If so, state as to each conviction the specific crime and the place of conviction.

4.      Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in Plaintiff's Complaint, detailing as to such policies:  the name of the insurer, number of the policy, the effective dates of the policy, the available limits of liability and the name and address of the custodian of the policy.

5.      Describe in detail  how the motor vehicle collision described in the Complaint happened, including all actions taken by you to prevent the motor vehicle collision.

6.      Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the motor vehicle collision in question.

7.      State the facts upon which you rely for each affirmative defense in your Answer.

8.      Do you contend that any person or entity other than you is, or may be, liable in whole or in part for the claims asserted against you in this lawsuit?  IF so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

9.     Were you charged with any violation of law (including any regulations or ordinances) arising out of the motor vehicle collision described in the Complaint?  If so, what was the nature of the charge; what plea, or answer, if any, did you enter to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding the charge, and if so, what is the name and address of the person or entity that prepared the report and do you have a copy of it; and was the testimony at any trial, hearing or other proceeding on the charge recorded in any manner, and if so, what was the name and address of the person who recorded the testimony?

10.    List the names and addresses of all persons who are believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues in this lawsuit and specify the subject matter about which the witness has knowledge.

11.    Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement   or statements, the name and address of each person who heard it, and the date, time, place and substance of the statement.

12.    State the name and address of every person known to you, your agents or attorneys who has knowledge about, or possession, custody or control of any model, plat, map, drawing, motion picture, video tape or photograph pertaining to any fact or issue involved in this controversy, and describe as to each, what such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

13.    Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case?  If so, state the terms of the agreement and the parties to it.

14.    Please state if you have ever been a party, either Plaintiff or Defendant, in a lawsuit other than the present matter, and if so, state wether you were a Plaintiff or a Defendant, the nature of the action, and the date and court in which such suit was filed.

15.     Do you wear glasses, contact lenses, or hearing aids? If so, who prescribed them, when were thy prescribed when were you eyes or ears last examined and what is the name and address of the examiner?

16.     Were you suffering from physical infirmity, disability or sickness at the time of the motor vehicle collision described in the complaint? If so, what was the nature of the infirmity, disability, or sickness?

17.     Did you consume any alcoholic beverages or take any drugs or medications within twelve (12) hours before the time of the motor vehicle collision described in the complaint?  If so, state the type and amount of alcoholic beverages, drugs or medication which were consumed, and when and where you consumed them.

18.     Did any mechanical defect in the motor vehicle in which you were riding at the time of the motor vehicle collision described in the complaint contribute to the motor vehicle collision?  If so, describe the nature of the defect and how it contributed to the motor vehicle collision.

19.     List the name and address of all persons, corporations or entities who were registered title owners or who had ownership interest in, or right to control, the motor vehicle that the Defendant driver was driving at the time of the motor vehicle collision described in the Complaint and describe the vehicle, including the make, model, year and vehicle identification number of the vehicle.

20.     At the time of the motor vehicle collision described in the complaint, was the defendant driver engaged in any mission or activity for any other person or entity, including any employer?  If so, state the name and address of that person or entity and the nature of the mission or activity.

21.     Was the motor vehicle that the defendant driver was driving at the time of the motor vehicle collision described in the Complaint damaged in the motor vehicle collision, and, if so, what was the cost to repair the damage?  Please state the name and address of the individual and/or company who repaired and/or inspected the vehicle(s) as a result of the subject motor vehicle collision.

22.     Have you heard or do you know about any statement or remark made by  any person or of any issue related to the motor vehicle collision that is the subject matter of this lawsuit?  If so, for each statement, state the name of person who made it, the name and address of the person who took the statement, the date the statement was obtained and/or made, the manner in which this statement was recorded (written, recording device, court reporter, or the like), and the name and address of each person who has possession or custody of the statement or a copy thereof.

23.     Have you heard or do you know about any statement or remark made by or on behalf of any person *not a party* to this lawsuit, concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place and substance of the statement.

24.     Have you ever given a statement concerning any issue in this lawsuit (excluding statements to your attorney) regarding any issue in this lawsuit.  Such statements include, but without limitation statements given to any insurance representative or carrier. If so, state the name and address of each person who heard it or to whom the statement was given, and the date, time, place and substance of the statement.

25.   Did you own or were you in possession of a cellular phone at the time of the subject traffic crash of If so, please provide the name and address of the service provider, the account number and the cellular phone number applicable to the cell phone that you owned and/or were in possession of on the date of the subject crash. For each cell phone, state whether you were using a cell phone for any purpose (including, but not limited to, talking, texting, checking e-mail, browsing the internet, GPS, and/or using applications) at the time of the motor vehicle collision described in the Complaint, and state in detail what you were doing with any cell phone in you possession.

26.   List all prior accidents, injury claims, and/or insurance claims involving the Plaintiff(s) known to you, your attorney, agents and insurer; for each, state the date of accident/loss, type of accident/loss (automobile, slip and fall), the names of the parties involved and any insurance companies involved in the accidents/claims (including insures who provided indemnity for any party involved in said accident/claims), any injuries sustained by Plaintiff(s), and the name and address of any medical providers which rendered treatment/care to the Plaintiff. *Grinnell Corp. v. Palms 2100 Ocean Blvd., Ltd.*, 924 So.2d 887 (Fla. 4th DCA 2006)

27.   State whether Defendant and/or Defendant's agents, insurer or representative has conducted surveillance of the Plaintiff. If so, state the date, time and location said surveillance took place.

By:_____
ALEJANDRO PORCELLI

STATE OF FLORIDA )
) ss:
COUNTY OF _____ )

_____, being duly sworn, deposes and says that the attached Answers to Interrogatories are true and correct to the best of his/her knowledge, information and belief.

SWORN TO AND SUBSCRIBED before me on this _____ day of _____, 2022.

_____
NOTARY PUBLIC

\_\_\_

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CLAUDEL FILS-AIME,

      Plaintiff,                              CASE NO.: 2022-000041-CA-01

v.

ADRIANA COLMAN, ALEJANDRO
PORCELLI, and LYFT, INC. a Foreign
Profit Corporation,

      Defendants.

_____/

## SUMMONS

**THE STATE OF FLORIDA:**
**To All and Singular the Sheriffs of said State:**

      **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint, Request to Produce, Interrogatories and Request for Admissions, in this action on the Defendant:

      **LYFT, INC**., a Foreign Profit Corporation
      c/o C T CORPORATION SYSTEM, Registered Agent
      1200 South Pine Island Road
      Plantation, FL 33324

      185 Berry Street, Suite 5000,
      San Francisco, CA 94107

      Each Defendant is required to serve written defenses to the Complaint or petition on **THE BERMAN LAW GROUP, Joseph F. Stallone, Esq., whose address is PO Box 272789, Boca Raton, FL 33427; Eservice: service@thebermanlawgroup.com**, telephone: (561) 826-5200, within twenty (20) days after service of this Summons on the Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or petition.

      Dated _____, 2022.

                                  Clerk of said Court

                                  By:_____

                                     As Deputy Clerk

**IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT**
**IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CLAUDEL FILS-AIME,

      Plaintiff,                          CASE NO.: 2022-000041-CA-01

v.

ADRIANA COLMAN, ALEJANDRO
PORCELLI, and LYFT, INC. a Foreign
Profit Corporation,

      Defendants.
_____/

<u>**SUMMONS**</u>

THE STATE OF FLORIDA:
To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this Summons, a copy of the Complaint, First Set of Interrogatories, & First Request for Production, in this law-suit on Defendant:

**ADRIANA COLMAN (last known address):**
**1433 NE 148TH Street, Miami, Florida 33161-2632**

      DATED on _____, 20_____.

                                CLERK OF THE CIRCUIT COURT

                                (SEAL)

                                As Clerk of the Court

                                By: _____
                                    As Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecu-tifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Joseph F. Stallone, Esq.
Florida Bar No. 1002843
BERMAN LAW GROUP, P.A.
Attorneys for the Plaintiff
Post Office Box 272789
Boca Raton, FL 33427
Tel: (561) 826-5200
Fax: (561) 826-5201
jstallone@thebermanlawgroup.com
service@thebermanlawgroup.com

2

**IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT**
**IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CLAUDEL FILS-AIME,

      Plaintiff,                         CASE NO.: 2022-000041-CA-01

v.

ADRIANA COLMAN, ALEJANDRO
PORCELLI, and LYFT, INC. a Foreign
Profit Corporation,

      Defendants.
_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this Summons, a copy of the Complaint, First Set of Interrogatories, & First Request for Production, in this law-suit on Defendant:

**ALEJANDRO PORCELLI (last known address):**
**1433 NE 148TH Street, Miami, Florida 33161-2632**

      DATED on _____, 20_____.

                          CLERK OF THE CIRCUIT COURT

                          (SEAL)

                          As Clerk of the Court

                          By: _____
                              As Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecu-tifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Joseph F. Stallone, Esq.
Florida Bar No. 1002843
BERMAN LAW GROUP, P.A.
Attorneys for the Plaintiff
Post Office Box 272789
Boca Raton, FL 33427
Tel: (561) 826-5200
Fax: (561) 826-5201
jstallone@thebermanlawgroup.com
service@thebermanlawgroup.com

2

## IN THE CIRCUIT COURT OF THE 11ᵀᴴ JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CLAUDEL FILS-AIME,

      Plaintiff,                            CASE NO.: 2022-000041-CA-01

v.

ADRIANA COLMAN, ALEJANDRO
PORCELLI, and LYFT, INC. a Foreign
Profit Corporation,

      Defendants.

_____/

## SUMMONS

**THE STATE OF FLORIDA:**
**To All and Singular the Sheriffs of said State:**

      **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint, Request to Produce, Interrogatories and Request for Admissions, in this action on the Defendant:

      **LYFT, INC**., a Foreign Profit Corporation
      c/o C T CORPORATION SYSTEM, Registered Agent
      1200 South Pine Island Road
      Plantation, FL 33324

      185 Berry Street, Suite 5000,
      San Francisco, CA 94107

      Each Defendant is required to serve written defenses to the Complaint or petition on **THE BERMAN LAW GROUP, Joseph F. Stallone, Esq., whose address is PO Box 272789, Boca Raton, FL 33427; Eservice: <u>service@thebermanlawgroup.com</u>**, telephone: (561) 826-5200, within twenty (20) days after service of this Summons on the Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or petition.

      Dated _____1/5/2022_____, 2022.

                                    Clerk of said Court

                                By: _____
                                       As Deputy Clerk

**IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CLAUDEL FILS-AIME,

       Plaintiff,                          CASE NO.: 2022-000041-CA-01

v.

ADRIANA COLMAN, ALEJANDRO
PORCELLI, and LYFT, INC. a Foreign
Profit Corporation,

       Defendants.

_____/

<u>**SUMMONS**</u>

THE STATE OF FLORIDA:
To Each Sheriff of the State:

       YOU ARE COMMANDED to serve this Summons, a copy of the Complaint, First Set of
Interrogatories, & First Request for Production, in this law-suit on Defendant:

       **ADRIANA COLMAN (last known address):
1433 NE 148TH Street, Miami, Florida 33161-2632**

       DATED on _____1/5/2022_____, 20_____.

                              CLERK OF THE CIRCUIT COURT

                              (SEAL)

                              As Clerk of the Court

                              By: _____

                                As Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecu-tifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Joseph F. Stallone, Esq.
Florida Bar No. 1002843
BERMAN LAW GROUP, P.A.
Attorneys for the Plaintiff
Post Office Box 272789
Boca Raton, FL 33427
Tel: (561) 826-5200
Fax: (561) 826-5201
jstallone@thebermanlawgroup.com
service@thebermanlawgroup.com

2

**IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CLAUDEL FILS-AIME,

       Plaintiff,                             CASE NO.: 2022-000041-CA-01

v.

ADRIANA COLMAN, ALEJANDRO
PORCELLI, and LYFT, INC. a Foreign
Profit Corporation,

       Defendants.

_____/

<u>**SUMMONS**</u>

THE STATE OF FLORIDA:
To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this Summons, a copy of the Complaint, First Set of
Interrogatories, & First Request for Production, in this law-suit on Defendant:

                **ALEJANDRO PORCELLI (last known address):**
                **1433 NE 148TH Street, Miami, Florida 33161-2632**

      DATED on _____1/5/2022_____, 20_____.

                         CLERK OF THE CIRCUIT COURT

                         (SEAL)

                         As Clerk of the Court

                         By: _____

                            As Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecu-tifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Joseph F. Stallone, Esq.
Florida Bar No. 1002843
BERMAN LAW GROUP, P.A.
Attorneys for the Plaintiff
Post Office Box 272789
Boca Raton, FL 33427
Tel: (561) 826-5200
Fax: (561) 826-5201
jstallone@thebermanlawgroup.com
service@thebermanlawgroup.com

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CLAUDEL FILS-AIME,

               Plaintiff,                 CASE NO.: 2022-000041-CA-01

vs.

ADRIANA COLMAN, ALEJANDRO
PORCELLI, and LYFT, INC. a Foreign
Profit Corporation,

               Defendants.
_____/

## **NOTICE OF FILING NOTICE OF REMOVAL**

     **YOU ARE HEREBY NOTIFIED** that the attached copy of the Notice of Removal to

the United States District Court for the Southern District of Florida was filed with the Clerk of

said District Court, on or about the 6th day of January, 2022.  Pursuant to 28 U.S.C. § 1446(d),

this Court shall proceed no further in this cause unless and until this action is remanded to state

court. Absent the entry of a remand order by the United States District Court, this Court is

divested of jurisdiction in this cause and is thereby requested to stay all further proceedings.

     **YOU ARE FURTHER HEREBY NOTIFIED** that this Notice of Filing Notice of

Removal incorporates by reference all requirements of 28 U.S.C. Section 1446.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true copy of the foregoing was served by e-Filing with the

Clerk of Court and via Florida e-Filing Portal on January 6, 2022 to:

Joseph F. Stallone, Esq.
Rocco Scarfone, Esq.
Berman Law Group, P.A.
Post Office Box 272789
Boca Raton, FL 33427
service@thebermanlawgroup.com
jstallone@thebermanlawgroup.com

*Attorneys for Plaintiff*

/s/ *Scott Sarason*
SCOTT M. SARASON
Florida Bar No.:  0394718
E-mail:  ssarason@rumberger.com
docketingmiami@rumberger.com and
ssarasonsecy@rumberger.com
MICHAEL HOLT
Florida Bar No.: 483450
E-mail:  mholt@rumberger.com (primary)
mholtsecy@rumberger.com
docketingmiami@rumberger.com and
LIGIANETTE CORDOVA
Florida Bar No.: 103271
E-mail:  lcordova@rumberger.com (primary)
lcordovasecy@rumberger.com
docketingmiami@rumberger.com
RUMBERGER, KIRK, & CALDWELL, P.A.
Brickell City Tower, Suite 3000
80 Southwest 8th Street
Miami, Florida 33130-3037
Tel:  305.358.5577
Fax:  305.371.7580

*Attorneys for Defendant, Lyft, Inc.*

16111281.v1

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CLAUDEL FILS-AIME,

                              Case No.: _____

          Plaintiff,           State Case No.: 2022-000041-CA-01

vs.

ADRIANA COLMAN, ALEJANDRO
PORCELLI, and LYFT, INC. a Foreign
Profit Corporation,

          Defendants.

_____/

## **DEFENDANT LYFT, INC.'S NOTICE OF REMOVAL**

Defendant, LYFT, INC. d/b/a/ LYFT FLORIDA, INC. ("Lyft"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida. As grounds for this removal, Lyft states:

## I.    **The Lawsuit**

1.    On or about January 3, 2022, Plaintiff, CLAUDEL FILS-AIME ("Plaintiff") commenced this action by filing an initial Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, captioned *Claudel Fils-Aime v. Adriana Colman, Alejandro Porcelli, and Lyft, Inc., a Foreign Profit Corporation*, Case No. 2022-000041-CA-01. *See* Docket Sheet, attached as Exhibit "A".

2.    Lyft obtained a copy of the original Complaint on or about January 4, 2022.

3.    Plaintiff's claims arise from a motor vehicle accident occurring in Miami-Dade County, Florida on or about November 26, 2020. *See* Plaintiff's Complaint at ¶7. Plaintiff alleges that Defendant-Alejandro Porcelli failed to operate his vehicle in a reasonably safe

manner, causing his vehicle to strike Plaintiff, a pedestrian. *Id.* at ¶¶7, 17. Plaintiff also alleges without a basis that Defendant-Alejandro Porcelli was acting within the course and scope of his employment with Lyft at the time of the collision. *Id.* at ¶10. Lyft expressly denies Plaintiff's allegations.

4.      The Complaint further provides that this is "an action for damages in excess of Thirty Thousand ($30,000.00) Dollars..." *Id.* at ¶1.

5.      Upon information and belief, Defendants, Adriana Colman and Alejandro Porcelli, have not been served with the Complaint as of the time of the filing of this removal.

6.      As set forth below, 28 U.S.C. § 1441 permits removal to this Court because the Court has original jurisdiction under 28 U.S.C. § 1332, based on diversity of citizenship and an amount-in-controversy exceeding $75,000, exclusive of interest and costs.

## II.    <u>Complete Diversity of Citizenship Exists Between the Parties</u>

7.      According to the Complaint, Plaintiff allegedly "was/is a resident of Miami-Dade County, Florida." *See* Complaint at ¶1. This is incorrect. Upon information and belief, Plaintiff is from Haiti and was merely visiting Florida at the time of the alleged motor vehicle accident.

8.      At all times material to the instant lawsuit, Lyft was incorporated in the State of Delaware with its principal place of business at 185 Berry Street, Suite 5000, San Francisco, California 94107. Lyft, therefore, is a corporation existing under the laws of the States of California and Delaware and is a "citizen" of only those two states. *See also* Complaint at ¶ 5.

9.      Thus, there exists complete diversity of citizenship between Plaintiff and Lyft pursuant to 28 U.S.C. § 1332(a).

10.     Plaintiff alleges Defendants Adriana Colman and Alejandro Porcelli are residents of Miami-Dade County, Florida.

2

11.     Upon information and belief, Defendants, Adriana Colman and Alejandro Porcelli, have not been served with the Summons and Complaint as of the time of the filing of this removal. *See* Ex. "A".

12.     Lyft, as the non-forum defendant, "may remove [this action] despite the fact that the plaintiff has joined (but not yet served) a forum defendant." *See North v. Precision Airmotive Corp.*, 600 F. Supp.2d 1263 (M.D. Fla. February 26, 2009). Florida courts have permitted removal of actions prior to proper service of all defendants. *See, e.g., Masterson v. Apotex, Corp.,* No. 07-61665-CIV, 2008 WL 2047979, *2 (S.D. Fla. May 13, 2008); *Bolin ex rel. Bolin v. SmithKline Beecham Corp.*, No. 08-60523-CIV, 2008 WL 3286973, *2 (S.D. Fla. Aug. 7, 2008); *Bergmann v. State Farm Mut. Auto. Ins. Co.*, No. 3:16CV549-RV/CJK, 2016 WL 9414108, *2 (N.D. Fla. Dec. 28, 2016).

## III.     The Amount In Controversy Exceeds $75,000

13.     The Complaint alleges that Plaintiff's claims are "for damages in excess of Thirty Thousand ($30,000) Dollars…", but it does not contain a demand for a specific amount. *See* Complaint at ¶1. Where a complaint does not plead a specific amount of damages, the removing defendant must establish the amount in controversy by a preponderance of the evidence. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). In such an instance, "removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Id*. at 1319.

14.     While Plaintiff does not specify the amount of damages they seek in the Complaint, Plaintiff is seeking recovery, in part, for medical expenses that he has incurred as a direct result of his alleged injuries from the automotive collision. Specifically, he alleges that he has suffered "bodily injuries, pain and suffering, medical and related expenses, past, present and

3

future incurred in seeking a cure for Plaintiff's injuries, or that will be incurred in seeking a cure for the Plaintiff's injuries, loss of capacity to lead and enjoy a normal life, mental anguish, physical impairment, inconvenience, loss of income or diminution of earnings and/or earning capacity, permanent injuries within a reasonable degree of medical probability, disfigurement and scarring, and aggravation of an exist[ing] disease or physical defect." *See* Complaint at ¶¶ 15, 18, 22, 28, 31, 36, 40 and 46.  Further, Plaintiff delivered medical bills for alleged injuries arising from the automotive collision, and sought payment in an amount that significantly exceeds $75,000. The medical bills received to date amounted to approximately $396,209.89. Therefore, Plaintiff's claims exceeds the amount-in-controversy threshold of $75,000 for removal.

15.    A district court may apply its judicial experience and common sense when determining whether a claim meets the amount-in-controversy requirement.

16.    Here, the amount-in-controversy for Plaintiff exceeds $75,000.

**IV.    Lyft Has Complied With The Procedural Requirements For Removal**

17.    Lyft attaches as Exhibit "B", all process, pleadings, and orders served on it in this action. 28 U.S.C. § 1446(a).  Additionally, Exhibit "B" constitutes a record of all those papers on file with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.  Lyft has no knowledge of any other pleadings, orders or papers served in this action other than Exhibits attached hereto.

18.    Venue properly rests in the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. § 1441(a), since this action is being removed from the state court wherein it was originally filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

19.     Lyft will file with the Clerk of the Court for the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, a Notice of Filing Notice of Removal pursuant to 28 U.S.C. Section 1446(d), and will give written notice thereof to all adverse parties. A copy of this Notice is attached as Exhibit "C".

20.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed and without waiver by Lyft.

**WHEREFORE**, Defendant, LYFT, INC. d/b/a LYFT FLORIDA, INC., removes this action to the United States District Court for the Southern District of Florida.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 6, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  A copy of the foregoing has been furnished by e-mail to Counsel on the Service List below.

/s/ *Scott Sarason*
_____
SCOTT M. SARASON
Florida Bar No.:  0394718
E-mail:  ssarason@rumberger.com
docketingmiami@rumberger.com and
ssarasonsecy@rumberger.com
MICHAEL HOLT
Florida Bar No.: 483450
E-mail:  mholt@rumberger.com (primary)
mholtsecy@rumberger.com
docketingmiami@rumberger.com and
LIGIANETTE CORDOVA
Florida Bar No.: 103271
E-mail:  lcordova@rumberger.com (primary)
lcordovasecy@rumberger.com
docketingmiami@rumberger.com
RUMBERGER, KIRK, & CALDWELL, P.A.
Brickell City Tower, Suite 3000
80 Southwest 8th Street
Miami, Florida 33130-3037
Tel:  305.358.5577
Fax:  305.371.7580

*Attorneys for Defendant, Lyft, Inc.*

## SERVICE LIST

Joseph F. Stallone, Esq.
Rocco Scarfone, Esq.
Berman Law Group, P.A.
Post Office Box 272789
Boca Raton, FL 33427
service@thebermanlawgroup.com
jstallone@thebermanlawgroup.com

16111277.v1