United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Claudel Fils-Aime, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-20084-Civ-Scola |
| | ) | |
| Adriana Colman, and others, Defendants. | ) | |

## Order Remanding Case

Previously, the Court independently reviewed Defendant Lyft, Inc.'s notice of removal (Not. of Rem., ECF No. 1) and found its diversity allegations lacking. (Order, ECF No. 5.) Because the Court could not determine whether it had subject-matter jurisdiction over this case, based on Lyft's party-citizenship allegations, it ordered Lyft to file an amended notice. (*Id.*) Lyft has timely complied with that order, but, in doing so, has set forth facts demonstrating the Court does not, in fact, have diversity jurisdiction over this case. (Am. Not., ECF No. 7.) Accordingly, upon its own review, the Court has determined this case should be remanded back to state court.

In its initial notice, Lyft maintained that it believed Plaintiff Claudel Fils-Aime "is from Haiti," in conflict, purportedly, with Fils-Aime's claim, in his complaint, that he is a resident of Florida. (Not. ¶ 7.) Additionally, in Lyft's initial notice, it represented that its co-Defendants, Adriana Colman and Alejandro Porcelli, "are residents of Miami-Dade County, Florida." (*Id.* ¶ 10.) Because Lyft's allegations (1) failed to allege the named parties' citizenships (as opposed to their residencies); and (2) were based on Lyft's beliefs (as opposed to factual allegations), the Court ordered Lyft to amend its notice. (Order at 2.)

In its amended notice, now under review, Lyft rectifies the deficiencies the Court identified while at the same time back tracking on its claims regarding Fils-Aime's domicile. To that end, Lyft alleges facts showing that Fils-Aime, Colman, and Porcelli are all three domiciled in Florida. That is, parties on both sides of this case—one plaintiff and two defendants—are all Florida citizens, thus plainly destroying diversity.

Despite this obvious obstacle to jurisdiction, however, Lyft nonetheless persists in its view that it may still remove this case because neither Colman nor Porcelli had been served at the time of Lyft's removal. (Am. Not. ¶ 15.) The Court finds no support for this position. In fact, in its order requiring Lyft to amend its notice, the Court pointedly directed counsel's attention to a recent decision, from another Court in this district, which clearly and methodically explained that,

even where diversity-defeating defendants have not yet been served, "in removal cases, the parties' diversity should be gleaned from the face of the complaint— *without regard to the vagaries of service.*" *Roberts v. Clifford*, 20-80771-CIV, 2020 WL 4350727, at *1 (S.D. Fla. July 29, 2020) (Altman, J.) (emphasis added). As the Court explained in that case, the Court simply cannot ignore "the complete-diversity requirement of § 1441(b)(2) when *a non-diverse* defendant has not been served." *Id.* at *2 (emphasis in original). None of the cases supplied by Lyft stands for an adverse proposition: indeed, in every single case Lyft cites, the parties are actually completely diverse.

Accordingly, based on the lack of diversity among the plaintiffs and defendants in this case and, therefore, a lack of subject-matter jurisdiction, the Court remands this case back to state court. The Court directs the Clerk to **close** this case and take all necessary steps to ensure the prompt **remand** of this action and transfer this file back to the Circuit Court of the Eleventh Judicial Circuit of Florida in and for Miami-Dade County.

**Done and ordered**, at Miami, Florida, on January 20, 2022.

_____
Robert N. Scola, Jr.
United States District Judge